MULTERER, Respondent, vs. DALLENDORFER and another, Appellants.

*September 15—October 6, 1914.*

*Fixtures: Lumber piled on farm: Sale of personalty: What included: Conversion: Verdict: Matters omitted: Decision by court: Review on appeal.*

1. In an action for conversion of lumber, it being a mixed question of law and fact whether such lumber was a fixture and passed by a conveyance to defendants of the land on which it was piled, and no finding by the jury on that question having been requested, it is presumed that the decision thereof was left to the court, and its determination, not clearly contrary to the evidence, cannot be disturbed.

2. At the time of conveying her farm to defendants, plaintiff gave them a bill of sale of personal property thereon, the schedule of which described many articles such as live stock, grain, and farming implements, and "all small tools such as sacks, forks, etc., including everything but household furniture." *Held,* that under the rule of *noscitur a sociis,* and in the absence of any other express or implied agreement between the parties, the words quoted did not cover lumber which had been piled on the land by a former owner for farm-building purposes and which he had sold with the farm to plaintiff.

3. Where in such case defendants afterwards sold the farm and personalty to another person and put him in possession of such lumber as owner, this was a conversion of the property to their own use although there was no manual interference by them with the property.

APPEAL from a judgment of the circuit court for Marathon county: A. H. REID, Circuit Judge. *Affirmed.*

Action to recover the value of a quantity of lumber claimed to have been wrongfully taken from plaintiff by defendants and converted by the latter to their own use.

The major question at issue was whether the lumber passed to defendants under a bill of sale made to them by *Theresa Multerer,* October 4, 1912. Then they purchased a farm of her and some personal property, located thereon and used in connection therewith. The lumber was then on the place. Her grantor piled it there in 1906 for farm-building purposes. He sold the farm and the lumber to such grantee some six years thereafter. The bill of sale made by her in 1912 to defendants described the personal property intended to be conveyed with the place, as follows:

"Seven cows, four calves, 30 chickens, 3 pigs, 114 sacks of oats, 18 sacks of barley, 5 tons of hay, one Deering binder, one Deering mower, one rake, one tedder, one Monitor seeder, 2 drags, 1 plow, 1 cultivator, 1 wagon, 3 buggies, one double harness, one single harness, all corn and 30 bushels of potatoes, all small tools such as sacks, forks, etc., including everything but household furniture."

Without taking possession of the farm, defendants sold it and the personalty they supposed they obtained with it to one Felton. Thereafter he took possession of the property he supposed to be included in his purchase. There was evidence tending to show that defendants claimed to own the lumber and authorized Felton to take possession of it; that he did so and was in such possession claiming as owner under a conveyance from such defendants when the action was commenced. There was some controversy as to whether the lumber was spoken of, particularly, at the time of the sale to defendants, and some as to whether the bill of sale was changed after its execution.

The cause was submitted to the jury for a special verdict

without any question as to whether the lumber was part of the land at the time of the sale to defendants. The jury found as follows: Plaintiff and defendants did not agree, in making the bargain and sale as to the farm and personalty, that the lumber was part of the latter. The bill of sale was not changed after it was signed by plaintiff. The value of the lumber, November 1, 1912, was $135.

The court decided that the lumber, at the time of the sale to defendants, was not a fixture; that the assertion of right thereto by defendants and taking possession thereof by their grantee by their authority was a wrongful conversion of the property, and that the description contained in the bill of sale did not include such property.

Judgment was rendered in plaintiff's favor.

*P. A. Williams,* for the appellants.

For the respondent there was a brief by *Gorman & Prehn,* and oral argument by *A. W. Prehn.*

MARSHALL, J. The objections to the judgment are efficiently answered by the following:

1. Whether the lumber, at the date of the deed to defendants, was a fixture and so part of the realty, in the most favorable view for respondent, was a mixed question of law and fact, and no request having been made for a finding by the jury in respect thereto, it is presumed that the decision of the matter was left to the court and the result cannot be disturbed, since it is not clearly contrary to the evidence.

2. The verdict of the jury is broad enough to negative there having been any occurrence characterizing the sale of the land to defendants constituting an express or implied agreement that the lumber should pass as part of the subject of the sale transaction, or in the light of which either the bill of sale or the deed should be read as including such property, and the decision in that regard is fairly supported by the evidence.

3. The meaning of the language of the bill of sale to de-

fendants, as regards whether the parties intended thereby to include the lumber, so far as not covered in plaintiff's favor by the verdict, was a matter for the court to determine, and it seems that its construction of the paper is the most reasonable one which can be given. The words "etc., including everything but household furniture" following the long schedule of articles such as, generally, characterize a farm property, in the absence of pretty clear circumstantial indications to the contrary, or express explanation in the writing, should be read as referring to articles of like nature as regards being for and in use as part of the farm property. As said by the trial court, the rule of *"noscitur a sociis;"* the meaning of a word may be discovered by looking to the plain meaning of the words associated with it, applies. That is very familiar doctrine.

4. The consummated intention of defendants of placing their grantee in possession of the lumber as owner, was a sufficient appropriation of the property to their own use to render them liable in conversion, though there was no manual interference by them with such property.

*By the Court.*—The judgment is affirmed.