BERGSRUD, Appellant, vs. MARYLAND CASUALTY COMPANY, Respondent.

*February 3—March 4, 1930.*

142

For the appellant there were briefs by *Lees & Bunge* of La Crosse, and oral argument by *George W. Bunge*.

For the respondent there was a brief by *James E. Coleman* of Milwaukee and *Geo. H. Gordon, Law & Gordon* of La Crosse, attorneys, and *William J. McCauley* of Milwaukee, of counsel, and oral argument by *Mr. McCauley*.

OWEN, J. We need not consider certain questions discussed in the briefs, among which are whether plaintiff was a passenger in the taxicab, whether the driver was negligent, and whether the action was properly continued against the Maryland Casualty Company. These questions become immaterial because the nonsuit was properly granted on the ground that the plaintiff was guilty of contributory negligence as a matter of law. We arrive at this conclusion notwithstanding the general rule of law that the mere fact that a person at the time he may receive an injury is intoxicated is not of itself evidence of contributory negligence as a matter of law (note, 47 L. R. A. N. s. 733; *Rhyner v. Menasha,* 107 Wis. 201, 83 N. W. 303), and notwithstanding that prior to the enactment of sec. 85.39, Stats., by ch. 454, Laws of 1929, it was held that riding on the running-board of a truck was not contributory negligence as a matter of law. *Koss v. A. Geo. Schulz Co.* 195 Wis. 243, 218 N. W. 175. Here we have one riding on the running-board of a car who, according to all the evidence, was too intoxicated to protect himself in that position, and whose condition was not apparent to the driver of the taxicab at the time he permitted him to ride on the running-board. A person may be injured while intoxicated under circumstances where his intoxicated condition does not contribute to his injuries, and he may ride on the running-board of a car if he is in possession of his mental faculties and in the enjoyment of his normal muscular power and control, without being guilty of contributory negligence, leaving out of consideration sec.

85.39, Stats., which now makes it illegal to ride on the running-board. However, when one who, by reason of intoxication self-induced, is not in possession of his mental faculties and does not enjoy his normal muscular power and control, assumes to ride on the running-board of an automobile, he voluntarily places himself in a position of danger where he is unable to protect himself. We can conceive of no plainer case of contributory negligence. That his intoxicated condition proximately contributed to the accident is just as plain. The trial court correctly granted a nonsuit, and the judgment must be affirmed.

*By the Court.*—Judgment affirmed.