WEDECKY, Respondent, vs. GRIMES and another, Appellants.

*November 9—December 6, 1938.*

449

Carlyle B. Wurster of Merrill, for the appellants.
F. A. Doepke of Merrill, for the respondent.

WICKHEM, J.   On December 1, 1936, the day of the accident, defendant Grimes was engaged in hauling in his own truck timber one hundred inches in length from some woods in northern Lincoln county to a mill in the city of Tomahawk. Grimes had purchased the timber from one Miller, who agreed to help load and unload the truck.   Plaintiff was an employee of Miller, and was engaged in cutting timber and helping in the loading process.   About 10:30 a. m. of the day in question Grimes, Miller, and plaintiff completed loading the truck.   Miller was to go to Tomahawk to help unload, and plaintiff was to remain in the woods and continue cutting.   The road through the woods was a narrow logging road, and there was a hill to be climbed some distance from the point of loading.   The truck was equipped with a cab with side windows and a platform seven feet wide with stakes in front and back.   There were no side boards and the timber was piled crosswise on the platform extending on

each side about eight inches. The weight of the load was about seven or eight tons, and the tractor was equipped with a special low speed for heavy hauling. When the loading was completed, Miller and plaintiff started out ahead along the logging road for the purpose of assisting defendant if necessary on the hill heretofore referred to. The truck gradually overtook Miller and plaintiff, who started to run as the truck came closer to them. When the truck was three or four rods behind them, Miller and plaintiff were running side by side. At this point plaintiff became tired and stepped off to the right of the road onto the edge of the skidway while Miller continued on ahead. The testimony is that the truck was running in low about seven or eight miles an hour and coming up a slight incline. At the top of this incline was the skidway where plaintiff stood. The skidway was large enough for a car to turn around. At the point where the skidway met the road the ground is level for two feet and then slopes slightly upward for the next two feet and then there is a sharp rise of a foot or so. According to his testimony, plaintiff was standing about two feet or a little more from the right-hand wheel track of the truck when the cab of the truck passed him. He then concluded that the load, which was wider than the cab, might strike him if he continued to stand there, and he turned and tried to climb the incline further to the right. He slipped, falling on his hands, and then the load struck him, and either through contact with the truck or, as he claims, because the wheels of the truck ran over him, his leg was broken. The defendant did not know of the accident and went on, picking up Miller and taking the load to Tomahawk. He discovered plaintiff's injury in the afternoon when he returned from Tomahawk.

The question is whether the evidence sustains the verdict. Both parties were found guilty of negligence with respect to lookout. We discover no evidence whatever that Grimes

failed to keep a lookout or to see plaintiff. Neither do we discover any evidence that plaintiff failed to look or to observe the approach of defendant's truck. He knew the truck was coming and saw it coming. Neither of these items of negligence is sustained by the evidence.

With respect to Grimes' want of control, his negligence must be predicated solely upon the fact that he should have realized the peril of plaintiff's position and stopped the truck to insure plaintiff's safety. The only ground upon which such a contention could be based is that plaintiff was standing within two feet of the wheel track, and that this was a position of obvious danger due to the character and width of the load. The difficulty of this contention is that plaintiff, knowing for some time that the truck was approaching and having plenty of time to select a position of safety, had deliberately selected this location, and defendant had a right to assume in the absence of clear indications to the contrary that the place had been selected with due regard to the width of the load. Even if this were not so, plaintiff's negligence would clearly be as great as that of defendant. His judgment was equally faulty, and he did not discover its erroneous character until the cab of the truck had passed him. Thereafter defendant was powerless to see his peril or avoid the accident. There was nothing to prevent plaintiff from moving further from the road in time to avoid all possibility of an accident. In view of this the judgment cannot stand.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss plaintiff's complaint.