## Prather's Adm'r v. Allen.

June 19, 1942.

**354**

Williams & Allen and O. J. Cockrell for appellant.

Craft & Stanfill and Grannis Bach for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

The question confronting us on this appeal is what duty the operator of a motor vehicle owes to an intoxicated person on the running board.

The action was filed by the appellant to recover damages for the wrongful death of his decedent, Shelton Prather, who was killed when he fell from the running board of appellee's truck while in an intoxicated condition. At the conclusion of all the evidence a verdict was directed for appellee and a reversal of the judgment entered on that verdict is sought.

The facts, as to which there is little dispute, were substantially as follows. The decedent was a laborer employed by appellee in manufacturing stave bolts. Appellee drove his truck to Jackson, taking with him a number of employees, including the decedent, who went along for the purpose of receiving their wages. While in Jackson the decedent became intoxicated but returned with appellee on the truck to Quicksand. On one occasion when the truck stopped appellee advised decedent that he ought to get off the truck and catch a bus and

volunteered to pay his fare but the offer was declined. The truck again stopped in order that appellee might pay some of his employees at a mill. When appellee returned to the truck from this mission the decedent was standing by the cab, still intoxicated, and when appellee got in the truck the decedent got on the running board and stood there with his head and shoulders in the cab. Appellee advised him to get back in the truck, telling him he might get hurt. This the decedent declined to do, saying he could take care of himself and was going to ride where he was no matter what anybody said and that "if anybody gets killed it will be Shelton Prather." Appellee thereupon started up the truck. Witnesses variously estimated the speed of the truck at from 15 to 35 miles per hour. A witness riding in the cab was asked as to the condition of the road and stated that it was "rough like any WPA road." After the truck had proceeded a short distance the decedent removed his head and shoulders from the cab and finally was standing with his back turned towards the direction of travel. After the truck had proceeded two or three hundred yards he fell from the truck and was killed.

The first question naturally presented is whether by riding on the running board in an intoxicated condition the deceased was guilty of contributory negligence as a matter of law such as to bar a recovery without regard to the doctrine of last clear chance. We think he was. While it is true that we are committed to the rule that it is not contributory negligence as a matter of law in the ordinary case for one to ride on the running board of a motor vehicle, Tyler Co. v. Kirby's Adm'r, 219 Ky. 389, 293, S. W. 155; Cincinnati, N. & C. R. Co. v. Rairden, 231 Ky. 141, 21 S. W. (2d) 236, this rule should not be extended to include one who does so while intoxicated. It seems that an intoxicated person riding on a running board should be held guilty of contributory negligence as a matter of law barring recovery when his condition is unknown to the operator of the vehicle. This was the conclusion reached in Bergsrud v. Maryland Casualty Co., 201 Wis. 141, 229 N. W. 655, in a court which subscribed to our rule that a sober person engaging in a similar action is not guilty of contributory negligence as a matter of law.

But one who is guilty of negligence contributing to his injury is not in every case denied a recovery. The

humanitarian doctrine of last clear chance, firmly entrenched in our jurisdiction and broader in its application than in most jurisdictions, operates to relieve a plaintiff from the legal consequences of his negligence if the defendant, after the discovery of the peril in which the plaintiff's negligence has placed him, could, by the exercise of ordinary care, avoid injuring him. 20 R. C. L. 139; Illinois Cent. R. Co. v. Evans, 170 Ky. 536, 186 S. W. 173; Hopper v. Barren Fork Coal Co., 263 Ky. 446, 92 S. W. 776. In the case before us the decedent was clearly in a position of peril while on the running board if he was so intoxicated as to be incapable of realizing his danger and taking ordinary precautions to guard against it. One is no more justified in starting up a motor vehicle with an adult on the running board in a helpless condition as a result of intoxication than he would be in doing so with a very young child on the running board. The last clear chance doctrine requires that the operator govern his actions in the light of his knowledge of the peril of such a person.

Here the appellee knew the deceased, in a state of intoxication, was on the running board. If this intoxication was such as to render the deceased incapable of exercising for his own safety that degree of care usually exercised by a sober person, and if appellee knew this, then the deceased was known to appellee to be in a position of peril and it was incumbent on appellee to exercise ordinary care to prevent injuring him. This intoxication might have been to a degree rendering it improper for the truck to be started at all or it might have been to a lesser degree justifying the operation of the truck provided such operation was with due regard for the decedent's safety. These were questions for the jury to determine. We think the evidence clearly justified a submission to the jury and the following form of instruction is suggested for submission of these issues on another trial:

"If the jury believe from the evidence that at the time in controversy the deceased, Shelton Prather, was so intoxicated as to be incapable of exercising ordinary care for his own safety and that the defendant knew this, or by the exercise of ordinary care could have known it, then it was the defendant's duty to exercise ordinary care to avoid injuring the deceased and included in this duty was that of operating the truck (if the

jury believe from the evidence that in the exercise of ordinary care the defendant was justified in operating it at all) at a rate of speed no greater than was reasonable and proper, having regard for the character of the highway and the extent of the deceased's intoxication, and if the jury believe from the evidence that the defendant failed to observe this duty and that by reason of such failure the deceased fell from the truck and was killed, they should find for the plaintiff. Unless the jury so believe from the evidence they should find for the defendant.

''Ordinary care as to the deceased means such care as an ordinarily prudent, sober person usually exercises for his own safety under circumstances like or similar to those in which the deceased was situated at the time in controversy.

''Ordinary care as to the defendant means that degree of care usually exercised by an ordinarily prudent person for the safety of another under circumstances like or similar to those proven in this case.''

Judgment reversed with directions to grant the appellant a new trial and for further proceedings consistent with this opinion.