SCHULD, Appellant, vs. STERBENZ, Respondent.

*February 25—April 8, 1947.*

186

For the appellant there was a brief by *Mistele & Smith* of Jefferson, and oral argument by *Richard C. Smith.*

*H. A. Schmidt* of Lake Mills, for the respondent.

Fritz, J.   In view of the evidence in relation to the facts stated above, the court was warranted in denying plaintiff's motion to set aside the verdict and in ordering, upon the facts found thereby, the entry of the judgment under review.   Although no question was submitted to the jury, or requested to be submitted by either party, in relation to whether there was any breach of the lease in any particular respect by either party, and, if so, as to the amount of the damage sustained by either of them as the result of such breaches, it was within the prov-

ince of the court,—in the absence of such submittal and of any request for such submittal,—to find, if there was sufficient factual basis therefor under the evidence, whether or not there were such breaches by either of the parties which resulted in some items of damage to the other, and if so whether or not by reason of such breaches that party actually sustained any loss upon taking into consideration the year's successful operation as a whole of plaintiff's farm and likewise a farm which defendant subsequently operated. And as findings,—if they had been expressly made by the court to the effect that there were no breaches as the result of which such loss was sustained, —would, in connection with the jury's finding that no such damage was sustained by either party, have warranted the court in ordering the judgment entered for the dismissal of the complaint and also the counterclaim, the essential issues involved in order to sustain the court's adjudication as to damages "must now be deemed determined by the court in conformity with the judgment" (sec. 270.28, Stats.; *Delfosse v. New Franken Oil Co.* 201 Wis. 401, 407, 230 N. W. 31; *Brabazon v. Joannes Brothers Co.* 231 Wis. 426, 435, 286 N. W. 21; *Jansen v. Herkert,* 249 Wis. 124, 130, 23 N. W. (2d) 503), if there is evidence which can be deemed sufficient to establish the necessary factual basis for such determination. That factual basis can be deemed established in this case by the proof in relation to the following facts, as to which there is but little conflict in the evidence in any material respect.

While defendant was on the farm from March 1, 1945, to May 7, 1945, he performed all services necessary in the operation thereof, including the spring work, with the use of his own machinery in disking sixteen to eighteen acres as special preparation for plaintiff's clover bed, harrowing eighteen acres in both directions; sowing sixteen to eighteen acres of grain; and hauling out with his own tractor over two hundred loads of manure. In addition, he picked up rocks, repaired stanchions, pig house and pen, fences, and the manure spreader.

For those purposes, because plaintiff failed to provide the equipment required by the lease, defendant moved, at his own expense, some of his machinery eighty-five miles to the farm from Illinois. He put in his full time and one of his sons helped every day with chores and stayed out of school three days to help with seeding, and another son put in about a month of time in the spring work. Against the use of his machinery and the labor of himself and his sons, and his furnishing corn worth $60,—toward which plaintiff paid nothing, —and defendant's furnishing of fuel for the tractor and other incidentals, and his share of feed purchased, and his labor and feed which went into the calves and pigs for which he got nothing out of them, defendant had the gross income in the ten weeks' period of his tenancy of $289.02 from milk, and a subsidy of $33, and $58.21 from the eggs.

Although under the lease defendant was to furnish only a tractor with its accessories, such as cultivator and plow, plaintiff took away, to be shared for use on another of his farms, the disk, two harrows, and hay-making equipment, which he was to furnish under the lease to defendant. Likewise, although the lease provided that the inventory of livestock, poultry, and feed furnished by plaintiff at the commencement of the term "must be left by the tenant at the *termination* of the contract," etc., in return for the feed used for the cattle, hogs, etc., during defendant's ten weeks' operation of the farm sixty per cent of the milk checks during that period went to plaintiff; and he received the entire income from the hogs and calves without ever accounting therefor to defendant. Consequently, as plaintiff received the proceeds produced by the feed, he cannot recover for the quantity used in effecting that production. Moreover, plaintiff had told defendant that at the end of the year the inventory would be taken again and all in excess of the previous inventory would be divided on a forty-sixty basis. Under those circumstances the court could find that the depletion of the inventory as of May, 1945, did not constitute dam-

age to plaintiff. Likewise the facts proven in relation to several other petty claims asserted by plaintiff warranted finding that he was not entitled to recover thereon.

Although plaintiff and his wife did the chores and looked after the farm for about three weeks after defendant left, the fact that plaintiff received the income in full during that time warranted finding that he was thereby fully compensated for that period. At the termination thereof another tenant on another of plaintiff's farms took over and completed the lease on the farm in question and operated it upon the same terms as defendant had; and as the result of the latter's spring work and the other tenant's subsequent operation of the farm that year, plaintiff had very good crops and a surplus of hay and grain. Likewise, defendant had a very successful year on another farm which he operated upon leaving plaintiff's farm. Consequently it was within the province of the jury to find, upon taking into consideration the year's profitable operation as a whole of plaintiff's farm, with the aid and benefits of the services and equipment furnished by defendant until May 7, 1945, that plaintiff did not sustain any loss for the year of the lease. The jury's answers "None" to questions in the special verdict, which read as to each party, "at what sum of money do you assess the damages of . . .",—are readily explained by the fact that under the evidence the jury could rightly conclude that plaintiff, at the time defendant left the farm, as well as at the end of the leasehold period, had received from defendant, as the result of his tenancy and services, greater benefits than the lease called for, and that hence plaintiff sustained no loss but was actually the gainer and not the loser as the result of defendant's tenancy. As the net result was that plaintiff was ahead on the tenancy, although he had failed to furnish equipment called for by the lease, he cannot complain of the jury's assessment of his damages at "None."

*By the Court.*—Judgment affirmed.