Gvora, Respondent, vs. Carlson and another, Appellants.

*May 5—June 7, 1949.*

For the appellants there was a brief by *Hughes & Anderson,* attorneys, and *John L. Davis* of counsel, all of Superior, and oral argument by *Mr. Davis* and *Mr. R. E. Anderson.*

*James C. McKay* of Superior, for the respondent.

FAIRCHILD, J.    The question presented on this appeal is: Should the trial court have granted a directed verdict on the ground that, as a matter of law, the plaintiff was as negligent, if not more negligent, than the defendant?    It is considered that the answer should be in the affirmative.    On any view of the facts plaintiff's negligence is as great if not greater than the defendant's.

Plaintiff had knowledge of and reason to apprehend the danger to which he subjected himself.    He was fully aware of the manner in which he and defendant were attempting to get the truck over the slippery rail.    He knew the position of the railroad car and of the truck, and he was responsible for his own position.    Twice he had watched the truck slide two or three feet toward the railroad car as defendant attempted to drive it over the slippery track.    Yet he deliberately placed himself in danger.    Defendant's negligence in not giving notice that he was going to start the truck, which was claimed by plaintiff and found by the jury, was not causal.    Plaintiff was as fully aware of the danger as if he had been told by the defendant.    *Giessel v. Columbia County,* 250 Wis. 260, 26 N. W. (2d) 650.

The danger was one that developed by and with plaintiff's acts.    His position between the truck and the railroad car must be charged to his failure to exercise ordinary care for

himself. Certainly on a comparison, the plaintiff's negligence must be held to be equal to that of defendant.

The defendant was entitled to have his motion for a directed verdict granted. At the close of the trial the facts established as well as the jury's finding of negligence on the part of both plaintiff and defendant "present a situation where it becomes the duty of the court to . . . consider the relative negligence of the parties. In so doing, we are compelled to conclude that the negligence of the plaintiff must be considered as a matter of law to be as great as that of the defendant." *Sikora v. Great Northern R. Co.* 230 Wis. 283, 291, 282 N. W. 588, and cases cited therein.

*By the Court.*—Order reversed. Cause remanded with directions to enter judgment in favor of the defendants dismissing plaintiff's complaint.