LEPAK, Appellant, vs. FARMERS MUTUAL AUTOMOBILE
INSURANCE COMPANY and another, Respondents.

*May 6—June 3, 1952.*

2

For the appellant there was a brief by *Smith, Okoneski, Puchner & Tinkham* of Wausau, and oral argument by *Richard P. Tinkham.*

For the respondents there was a brief by *Genrich & Terwilliger,* attorneys, and *Emil A. Wakeen, Walter H. Piehler,* and *Neil M. Conway* of counsel, all of Wausau, and oral argument by *Herbert Terwilliger.*

GEHL, J.    It appears to us that the statement made by the learned trial judge in support of his order directing a verdict clearly and correctly states the reason why plaintiff may not recover in this action.  He said:

"The undisputed testimony is to the effect that Lepak had worked on several occasions around pea vineries; although he had not seen this particular truck unload on previous occasions, he had seen dump trucks unload, and he knew that a part of the operation consisted of a jerking movement after the load of peas starts to fall—starts to slide off. And knowing that, and being in the truck, and according to his own testimony having heard the hoist going, and having heard the hoist starting to lift the load, he should

have known that the next operation would be a jerking move-
ment, and when the driver of the truck was looking out of
his side of the truck, looking toward the load, and not looking
toward the plaintiff, Mr. Lepak, the court is of the opinion
that Mr. Lepak was guilty of negligence for his own safety
in getting out of the truck at that time.

"And under no circumstances does the court feel that there
is any evidence that would justify a finding of guilty of negli-
gence on the part of the defendant Skrzypchak."

The trial judge did not say expressly that he made his
determination upon the ground that if there was causal neg-
ligence plaintiff was equally guilty with the driver but it
must be assumed that he had that fact in mind for he said
earlier in his opinion that the defendants had grounded their
motion, among other things, upon that contention.

Plaintiff cites *Williams v. Williams,* 210 Wis. 304,
246 N. W. 322, to the point that the question of his negli-
gence was for the jury. The cases are clearly distinguishable.
In the *Williams Case* the plaintiff was struck after she had
alighted from her husband's automobile but it did not appear
in that case that she knew that her husband would suddenly
start his car and race his engine and thereby cause it to skid
on the ice and strike her. In the instant case the plaintiff
himself testified that he knew what was going to happen and
in spite of that fact stepped from the cab of the truck. If he
did not assume the risk attendant upon his leaving the truck
under the circumstances he was at least causally negligent,
and to an extent equal to that of Skrzypchak.

*Crombie v. Powers,* 200 Wis. 299, 227 N. W. 278, is
also cited. As in the *Williams Case,* the plaintiff who had
alighted from the defendant's car was struck by it. It did
not appear that plaintiff had any reason to anticipate that
the car would be started forward suddenly, as the plaintiff
in the instant case did.

Plaintiff had knowledge of the present and notice of the
immediately future conduct of the defendant and reason to

apprehend that under the circumstances if he left the cab he would subject himself to danger. Under those circumstances he must be held as a matter of law to have been guilty of a degree of causal negligence, at least equal to that of the defendant. *Gvora v. Carlson,* 255 Wis. 118, 37 N. W. (2d) 848.

With respect to the alleged negligence of Skrzypchak the plaintiff contends that he should have warned him of his intent to start the truck forward with a sudden jerk. Under the circumstances, if there was negligence on the part of Skrzypchak, it was not causal, for the reason that plaintiff was as fully aware of the danger as if he had been warned by Skrzypchak. *Gvora v. Carlson, supra.*

Having determined that if the driver was guilty of causal negligence that of the plaintiff was at least equal in degree, we need not determine the question whether the trial court was wrong in its conclusion that there was no proof to support a finding of the driver's causal negligence.

*By the Court.*—Judgment affirmed.