SIBLIK, Respondent, vs. MOTOR TRANSPORT COMPANY and another, Appellants.

*September 17—October 7, 1952.*

244

For the appellants there was a brief by *Crosby H. Summers* of Janesville, attorney, and *McCue & Regan* of Milwaukee of counsel, and oral argument by *Mr. Summers*.

For the respondent there was a brief by *Kenney, Korf & Pfeil* of Elkhorn, and oral argument by *Francis J. Korf.*

GEHL, J. Defendants contend that at the time in question plaintiff was an employee of the Transport Company and that, therefore, his exclusive remedy is under the Workmen's Compensation Act. He went to the aid of Walters at the direction of the Tube Company's foreman, he had been previously directed by the warehouse foreman to aid truck drivers to move stalled trucks and had done so, the assistance was not rendered upon a public highway but upon the premises of the Tube Company, and it was to the interest of the Tube Company to get the truck away from the dock to make room for other trucks which might be driven to it. In *Rhinelander Paper Co. v. Industrial Comm.* 206 Wis. 215, 217, 239 N. W. 412, we said:

"It is quite generally agreed that in order to transfer liability from the general employer to the one to whom the employee is loaned, there must be some consensual relationship between the loaned employee and the employer whose service he enters, sufficient to create a new employer-employee relationship. Where an employee enters the service of another at the command and pursuant to the direction of the master, no new relationship is created. While the employee may be subject to the direction of the temporary master, he is there in obedience to the command of his employer, and in doing what the new master directs him to do he is performing his duty to the employer who gave the order."

Plaintiff's employment by the Transport Company was only temporary and he was performing services in obedience to the direction of the Tube Company's foreman. He was not an employee of the Transport Company.

It is urged that plaintiff's testimony as to how the accident occurred is incredible; and that if it is believed it establishes that he was guilty of causal negligence as a matter of law, that it was at least equal to that of Walters, and that Walters' negligence was not a proximate cause of the injuries. Defendants contend that it is a physical impossibility to throw

dry burlap bags at a stationary wheel on smooth ice and have the bags be caught by the wheel when it starts to revolve, and suggests that we must reject plaintiff's story that he threw the bags at the wheel while it was not in motion and that therefore at the third attempt he "must have given Walters the signal" before he put the wheels in motion. The record does not disclose that there was such physical impossibility nor are we from our own experience or from the known experience of drivers generally able to say that there was. There is nothing in the record except Walters' denial to contradict plaintiff's testimony that the wheel was set in motion before the third signal was given. It was for the jury to find the truth. Their finding that the driver failed to await the signal and that such failure constituted causal negligence is amply sustained and may not be disturbed.

It is contended that the "fouling" of plaintiff's glove was an intervening cause rendering the negligence of Walters not causal.

Legal cause is defined in Restatement, 2 Torts, p. 1159, sec. 431, as follows:

"The actor's negligent conduct is a legal cause of harm to another if (a) his conduct is a substantial factor in bringing about the harm, . . ."

We have, as has been pointed out, determined that there is ample testimony to support the jury's determination that Walters was guilty of negligence. The injury to plaintiff came in natural sequence and was a substantial factor in bringing about the harm. The mere fact that the bags clung to plaintiff's glove is not a superseding or intervening cause of his injuries. Had the plaintiff been negligent his negligence would not have relieved Walters. *Butts v. Ward,* 227 Wis. 387, 279 N. W. 6.

Counsel for defendants urge that if they are wrong in their contention that it appears as a matter of law that plaintiff

was guilty of contributory negligence, the failure to submit the issue to the jury was error. We have no difficulty in determining that plaintiff was not guilty of contributory negligence as a matter of law.

The verdict was submitted to counsel before the case was argued to the jury. Counsel for defendants made no request for findings by the jury in respect to plaintiff's conduct. It is therefore presumed that the decision of the matter was left to the court. If the decision is not clearly contrary to the evidence it may not be disturbed. *Multerer v. Dallendorfer,* 158 Wis. 268, 148 N. W. 1084; sec. 270.28, Stats.

Defendants contend, however, that they made it clear to the court in their argument upon their motion for a directed verdict that they considered that the issue of contributory negligence was in the case and, in effect, that their argument should have been considered by the court as a request for findings upon the issue. A similar situation appeared in *Jansen v. Herkert,* 249 Wis. 124, 23 N. W. (2d) 503, where in an action brought by a guest against the host-driver of an automobile the defendant at the close of the testimony moved for a directed verdict upon the ground that plaintiff had assumed the risk attendant upon the manner in which the car had been driven. The motion was denied. No request for a finding upon the issue of assumption of risk was made and it was not submitted. The court held sec. 270.28, Stats., applicable, that the issue was to be "deemed determined by the court," and that the failure to submit it to the jury was not error.

The determination made by the court that defendants had not proved that plaintiff was guilty of contributory negligence must stand if there is evidence sufficient to establish a factual basis for it. *Schuld v. Sterbenz,* 250 Wis. 185, 26 N. W. (2d) 642. There is such evidence.

Defendants contend that plaintiff was contributorily negligent in failing to inspect his glove and the bags before throw-

ing the latter to ascertain whether they had "fouled" one with the other. As authority they cite such cases as *Gvora v. Carlson,* 255 Wis. 118, 37 N. W. (2d) 848, and *Lepak v. Farmers Mut. Automobile Ins. Co.,* ante, p. 1, 53 N. W. (2d) 710. In each of those cases it appeared that plaintiff had knowledge of and reason to apprehend the danger to which he subjected himself. In that respect they differ materially from the facts in the instant case. It does not appear here that plaintiff had reason to apprehend that the bags would "foul" with his glove; in fact, it appears that on the two first attempts the bags moved freely from his glove. He had no knowledge or reason to anticipate that at the last attempt the bags would hitch to his glove and drag his hand under the wheel. See Restatement, 2 Torts, p. 837, sec. 307, comment *c.* There is nothing in the record to permit the court or a jury to say that the plaintiff as a presumably ordinarily prudent and intelligent person should have foreseen that as a consequence of his act in throwing the bags under the wheel injury to him would probably result. *Osborne v. Montgomery,* 203 Wis. 223, 234 N. W. 372; *Lansing v. John Strange Paper Co.* 227 Wis. 439, 278 N. W. 857.

If plaintiff's account of the manner in which the accident occurred is true, and we must so accept it because of the jury's finding, then there was nothing in his conduct to warrant a finding of contributory negligence. When he threw the bags at the stationary wheel his participation would have ended had Walters waited for his signal before setting the wheel in motion. The mere act of throwing the bags at the wheel while it was stationary, as he says it was, cannot be said to be one of negligence. As the trial court said:

"In view of the understanding between the plaintiff and the truck driver, which was undisputed, the plaintiff had a right to rely on that understanding, as the court instructed the jury, that the driver would not turn those wheels until the signal was given, and he had a right to govern himself

accordingly and until he gave the signal whatever he did there could cause him no injury and, therefore, it seemed to the court then and it seems to the court now that there was no question of contributory negligence involved in this case. As stated heretofore, the defendant truck driver was negligent or he was not negligent. If he was negligent then there was no basis for any charge of contributory negligence on the part of the plaintiff. If the driver was not negligent then there was no basis for the plaintiff's recovery in any event."

Defendants made no complaint against the instructions given to the jury but contend that the court erred in refusing to instruct regarding intervening cause. As we have pointed out, that question was not in the case and the court properly denied defendants' request.

It is contended that the award of $2,400 for personal injuries is so excessive as to indicate perverseness, passion, and prejudice on the part of the jury requiring a new trial. The attending physician found the hand greatly swollen and stiff, a large number of abrasions and contusions and a fracture at the wrist. An elastic bandage was applied which was later replaced by a cast which remained on his arm for six weeks. Plaintiff complained of pain in the entire arm and that the pain interfered with his ability to sleep. He was unable to work for a period of eight weeks and after he resumed his work the weakness in his hand continued and was present at the time of the trial in November, 1951, at which time there was also a slight stiffness in the wrist which limited its mobility.

The physician testified that he examined plaintiff in October, 1951, and found that there was a five per cent loss of flexion in the distal joints of the injured hand as compared with the other hand, that pain accompanied the rotation of the hand and that a slight pain accompanied the closing of the injured hand.

We are inclined to agree with the trial judge that the award is high. But we agree with him, also, that it is not a situation which evidences perverseness; that "the results attained do not shock the judicial conscience." *Bethke v. Duwe,* 256 Wis. 378, 41 N. W. (2d) 277.

*By the Court.*—Judgment affirmed.