**Robert PYYKONEN, Plaintiff-Appellant,**

v.

**MUTUAL SERVICE CASUALTY INSURANCE COMPANY, a foreign corporation, Defendant-Appellee.**

No. 12375.

United States Court of Appeals
Seventh Circuit.

Oct. 29, 1958.

Arthur DeBardeleben, Park Falls, Wis., Robert G. Hebert, Tomahawk, Wis., Norman C. Skogstad, Milwaukee, Wis., for appellant.

Richard P. Tinkham, John E. Bliss, of Smith, Okoneski, Puchner & Tinkham, Wausau, Wis., for defendant-appellee.

Before DUFFY, Chief Judge, and PARKINSON and KNOCH, Circuit Judges.

DUFFY, Chief Judge.

In this suit, plaintiff asked damages by reason of the alleged negligence of defendant's assured, Willard R. Smith, in the operation of his truck. At the conclusion of the evidence, defendant moved

for a directed verdict upon which the trial court reserved decision. The case was submitted to the jury upon a special verdict. The jury found Smith was causally negligent in failing to keep a proper lookout. The jury also found plaintiff, Pyykonen, causally negligent in failing to keep a proper lookout and in placing himself or remaining in a position of danger. Under the Wisconsin Comparative Negligence law, the jury attributed forty percent of the negligence to Smith and sixty percent to plaintiff. As plaintiff's negligence was as great or greater than that of the defendant, (see § 331.045 Wis.Stats.) the trial court entered judgment for the defendant, and was not called upon to rule upon defendant's motion for a directed verdict.

The trial court denied plaintiff's motion for a new trial. On this appeal, plaintiff claims errors arising from several of the instructions given, the form and content of the special verdict, the comments of the trial judge with reference to the testimony of one of defendant's witnesses, and upon the further ground that there was no evidence to sustain the jury's finding that plaintiff was negligent as to lookout.

The locale of the accident was the street in Tomahawk, Wisconsin, adjacent to Johnny's bar. Starting about 7:30 on the evening of July 2, 1955, plaintiff consumed numerous glasses of beer—eight, that he remembers—in the Avenue Bar and Johnny's bar. One witness saw plaintiff that evening in Scorchie's bar, but plaintiff had no recollection of having been there.

Willard Smith, 26 years of age at the time of the accident, was a pulp hauler. On the day in question he had driven his truck in excess of 300 miles. After eating supper at the home of his parents, he went to Johnny's bar, arriving about 10 or 10:30 p. m. No one claims that Smith was intoxicated. The evidence showed that he had one beer and some orange drinks. On the other hand, there were several witnesses who testified as to plaintiff's condition. Such appraisals

ran from intoxicated and stumbling drunk to talking a lot and being sort of silly.

Johnny's bar was on the east side of the Street. Smith parked his truck in front of the tavern and adjacent to the curb facing in a northerly direction. As the events of the evening progressed, plaintiff became interested in Ruth, one of the women in the bar, and asked to take her home. She refused, and shortly before 1 a. m., as the tavern was closing, Smith, Ruth and one other woman, got into the cab of the truck. Plaintiff followed them to the truck still trying to persuade Ruth. She closed the right-hand door of the truck and rolled up the window. Ruth testified "We had trouble getting away from him." Plaintiff, on the sidewalk, moved away from the truck. Ruth suggested to Smith "Let's go now because Mr. Pyykonen is away from the truck." Smith started the engine and looked through the side and rear windows of the cab. He did not see the plaintiff, but did notice an automobile approaching from the rear. Smith started his truck moving northerly approximately parallel to the curb, traveling at a rate of five miles per hour.

As the truck started to move, plaintiff ran or trotted after it taking possibly six steps. He lunged at the truck apparently making a grab for the right side of the cab near the cab door. The truck platform hit him and he fell in front of the rear dual wheels and received injuries. Smith heard plaintiff yell, and he brought his truck to a prompt stop, it being undisputed that the truck did not travel forward over twenty feet in all. Smith jumped out of the cab and found the plaintiff pulling himself on to the sidewalk. Smith took plaintiff to the hospital in his truck. There was testimony which the jury was entitled to believe that plaintiff said to Smith "it wasn't your fault."

We do not reach the alleged errors hereinbefore described. We hold that the obvious negligence of the plaintiff in leaving a place of safety and run-

ning after and attempting to grab the moving truck was equal to or exceeded any possible negligence of the driver Smith, as a matter of law, and the suit was properly dismissed regardless of the other issues raised as to the conduct of the trial. The only justification for the jury finding Smith guilty of any degree of negligence as to lookout was that there was testimony that the cab of the truck was so constructed there was a narrow blind spot that would prevent the driver of the truck from observing an area in the immediate vicinity of the right front corner of the truck rack, and that Smith knew such a spot existed. However, reasonable minds could only conclude that the negligence of plaintiff was as great or greater than that of Smith. Plaintiff was in a position of safety on the sidewalk. By reason of some impulse he recklessly projected himself against the side of the moving truck. It makes no difference whether his idea was to open the cab door or climb upon the truck. In either event, his negligence exceeded that of defendant as a matter of law.

Wisconsin authorities support our view. In Coffey v. Oscar Mayer & Co., 252 Wis. 473, 32 N.W.2d 235, 3 A.L.R. 2d 753, a seven-year old boy fell from an ice truck while it was in motion and was killed. The driver of the truck had ordered the boy and other children to get off the righthand running board which they did. The driver then entered the cab, started the engine and placed the truck in motion. The seven-year old boy then tried to jump on the running board and was killed by the fall. The Court held that the driver was not required to anticipate that the children would again try to get on the truck after being ordered away, and after moving away from it. In the case at bar, the plaintiff was not in a position of danger when last observed by the driver who had no reason to believe that the plaintiff would thereafter project himself into a position of danger.

In Giessel v. Columbia County, 250 Wis. 260, 26 N.W.2d 650, the driver of the truck, after ordering some children off from his vehicle, entered the truck cab from the left side and started the motor. A fifteen-year old boy ran up from behind the truck and mounted the right front running board without being visible to the driver because of the design of the cab and the load which the truck carried. As the truck started up, the boy was thrown and fell to his death. The driver was held not to have been negligent in failing to discover the presence of the boy on or near the truck.

In the two cases last cited, the rule was applied even though the driver of the truck was dealing with children, and the Wisconsin courts, as in other states, do not hold children to the same degree of care as an adult. In the case at bar, Smith undoubtedly knew that plaintiff had consumed some drink, but he was not required to anticipate that from a position of safety he would run alongside the truck and try to grab some part of the moving vehicle.

The fact that the plaintiff may have been, in some degree, intoxicated, did not relieve him from the duty of exercising ordinary care for his own safety. Where an intoxicated man attempted to ride on the running board of an automobile, fell off and was injured, a Wisconsin court held that he could not recover as a matter of law. Bergsrud v. Maryland Casualty Company, 201 Wis. 141, 144, 229 N.W. 655.

Judgment affirmed.