SPODICK, Respondent, vs. NASH MOTORS COMPANY, Appellant.

*October 16, 1930—January 13, 1931.*

212

For the appellant there was a brief by *Lines, Spooner &*

*Quarles,* attorneys, and *Chas. B. Quarles* of counsel, all of Milwaukee, and oral argument by *Mr. Quarles.*

For the respondent there was a brief by *Wilbershide & Baumblatt* of Racine, and oral argument by *L. P. Baumblatt.*

The following opinion was filed November 11, 1930:

FAIRCHILD, J. The controlling question is, Was plaintiff at the time of the accident loaned to and in the employ of the defendant? If so, his remedy is under the workmen's compensation act and this action must be dismissed.

The existence of the relation of employer and employee between defendant and plaintiff was in issue and upon the record it is to be assumed the trial court decided it did not exist. There is no serious dispute in the testimony as to the events leading up to the plaintiff's entering upon the work at the Nash plant. The evidence bearing upon this, however, points to the creation and existence of this relation at the time of the injury. The plaintiff's general employer did not take the contract to repair the boiler. It did not have sufficient men to do the work. It sent the plaintiff, who, together with two others temporarily arranged for by the defendant and some of its own employees, constituted the crew of men engaged in the common employment.

Before adoption of our compensation act, where an employee with his consent—and this can be either express or implied—was loaned to a special or temporary employer, he became for the time being an employee of the latter. The law has not been changed in this respect and has been followed. *Cayll v. Waukesha G. & E. Co.* 172 Wis. 554, 179 N. W. 771. It was not departed from in deciding the case of *Visiting Nurse Asso. v. Industrial Comm.* 195 Wis. 159, 217 N. W. 646. The strictly legal relation of master and servant rests wholly upon contract. At the foundation of the relation of employer and employee is a con-

tract, express or implied, and the consent of the employee to enter the services of a special or temporary employer must exist. As suggested, this may be given expressly or by acts implying it. In the case before us the general employer did not undertake to repair the boiler but sent one man, who, with others from yet another employer, and some of defendant's own employees, were to make up a group to do this work under the general control of defendant's agents. This the plaintiff knew. He was an expert and evidently did not need much if any direction, but he engaged in the business of the defendant, who at the time had the right to control and direct his conduct, who could have dismissed him from the service, who at all times had authoritative control of the work. Plaintiff knew how the men were procured to do this work under the general management of the Nash Company. He testified: "They come over to Mr. Wratten and asked for help, so I was the only one in the shop, so Mr. Wratten sent me. I reported at about between nine and ten o'clock Saturday morning." There is no credible evidence to support a finding other than that the plaintiff at the time of the accident was in the employ of the defendant. The boiler was being repaired by the defendant, not by the Racine Boiler and Tank Works nor by the Freeman Boiler Company. Men from those concerns were loaned to the defendant to assist in repair work. These loaned employees worked with defendant's men. *Sgattone v. Mulholland & Gotwals,* 290 Pa. St. 341, 138 Atl. 855, 58 A. L. R. 1463. In *Standard Oil Co. v. Anderson,* 212 U. S. 215, 225, 29 Sup. Ct. 252, it was said:

"In many of the cases the power of substitution or discharge, the payment of wages, and other circumstances bearing upon the relation are dwelt upon. They, however, are not the ultimate facts, but only those more or less useful in determining whose is the work and whose is the power of control."

The plaintiff was an employee of the defendant at the time he sustained his injury and his remedy is under the workmen's compensation act.

*By the Court.*—The judgment is reversed, and the cause remanded with directions to dismiss the plaintiff's complaint.

A motion for a rehearing was denied, with $25 costs, on January 13, 1931.