### MANNING et al. v. TEXAS EMPLOYERS' INS. ASS'N.

No. 11362.

Court of Civil Appeals of Texas. Dallas.

Dec. 16, 1933.

Rehearing Denied Jan. 14, 1934.

Ashworth, Crisp & Ashworth, of Kaufman, for appellants.

Lawther, Cox & Cramer and Shelby S. Cox, all of Dallas, for appellee.

BOND, Justice.

Appellants, as beneficiaries of Charles Wesley Manning, deceased, filed their claim for compensation under the Workmen's Compensation Law (articles 8306 to 8309, R. S. 1925 as amended) against appellee, Texas Employers' Insurance Association, the liability carrier of Dodd & Wedegartner, by whom deceased is alleged to have been employed when killed. The Industrial Accident Board awarded appellants compensation; appellee appealed, filing suit in the district court of Henderson county. Appellants filed a cross-action. The allegations of the parties disclose all necessary causal and jurisdictional facts to confer jurisdiction upon said court, and raise the issue as to whether deceased was an employee of Dodd & Wedegartner at the time of his death.

The case was tried to a jury and, on conclusion of appellants' testimony, the trial court summarily directed a verdict for appellee, and thereafter rendered judgment against appellants.

The evidence shows that E. A. James was owner of several trucks engaged in hauling road material—sand, gravel, and cement—

between specified points on a good-road project under construction by Dodd & Wedegartner. James was under contract with Dodd & Wedegartner to haul the material, at a fixed price for each load. Dodd & Wedegartner installed and maintained at the railroad, where the materials were assembled, a chute or bin where the sand and gravel were mixed, weighed, and loaded into the trucks, also a turntable or pike at the point of destination to aid the movement of the trucks in unloading into a cement mixer. Dodd & Wedegartner employed men to operate the chute and turntable, supervise the loading and unloading of the materials, keep an accurate count of the amount hauled, and deliver a statement of each load to the driver of each truck. James, as owner of the several trucks used, was paid by Dodd & Wedegartner.

Manning was in the employ of James, operating one of his trucks; James paid his salary, retained and exercised the power of control over his action, and directed his movement. Dodd & Wedegartner supervised the work contracted by James, and provided the facilities for the loading and unloading of the trucks. On the occasion of his injury, Manning, in a loaded truck, came to the place of construction and, while waiting his turn to go on to the turntable, got out of his truck and while standing in front of it another truck owned by James and operated by one of his employees, backed, without warning, striking Manning and pinning him between the two trucks, thus fatally injuring him.

If Manning, at the time of his injury, was an employee of Dodd & Wedegartner, within the meaning of the Workmen's Compensation Law, then, under the uncontroverted facts revealed by this record, judgment should here be rendered for appellants.

To constitute one an employee, there must exist between the parties the relation of master and servant. Section 1, art. 8309, provides that: "'Employee' shall mean every person in the service of another under any contract of hire, expressed or implied, oral or written * * *." We think Manning, at the time of his injury, was in the service of James; James was controlling his action and paying him for his services; he could discharge or hire him, stop or direct his movement at will. Manning was the servant of James, obedient to his orders and subservient to promote the interest of his employer.

In Security Union Insurance Co. v. McLeod, 36 S.W.(2d) 449, 451, the Commission of Appeals holds that: "The relation of master and servant exists, where the master retains or exercises the power of control in directing, not merely the end sought to be accomplished, but as well the means and details of its accomplishment; not only what shall be done, but how it shall be done. Shannon v. Western Indemnity Co. (Tex. Com. App.) 257 S. W. 522, 523; Wallace v. S. O. O. Co., 91 Tex. 18, 40 S. W. 399; Southern Surety Co. v. Shoemake (Tex. Com. App.) 24 S.W.(2d) 7. The mere right of a person who has let out a contract to supervise the work in such a way as to see that it is performed according to contract, does not make the employees of the contractor his employees * * *." In that case, the construction company loaded the trucks and designated the place where they should be unloaded. The company exercised the right to control the movement of the trucks in accomplishing the purposes for which they were being used. Whitham & Co., subscriber and policyholder, owned and operated a crane which lifted the gravel into a chute; the trucks were backed under and filled from the chute. When a truck reached the loading zone, a signal was given and the truck was filled with gravel, and on reaching its destination, the company directed its movement, and as to how it should be unloaded. This process of loading and unloading was under the control of an employee of Whitham & Co. This is an analogous situation to the case at bar.

Looking to all of the facts surrounding this transaction, we conclude that James, an independent contractor, was the employer of Manning, exercising the right of control over his employment, and directing his movement by such means and methods as he thought proper. In no sense of the term "employee" was Manning employed by Dodd & Wedegartner; they did not hire him, paid him nothing for his services, and were lacking in interest as to his action and movement, except to exercise the right of supervision of the work being done under their contract with James, seeing that the trucks were loaded and unloaded at specified places, as Dodd & Wedegartner had contracted with James.

It follows that appellants cannot recover as against appellee, the liability carrier. Judgment of the lower court is affirmed.

Affirmed.