## GIPSON et al. v. SKELLY OIL CO.
### No. 11460.

Circuit Court of Appeals, Fifth Circuit.

Dec. 13, 1945.

Rehearing Denied Jan. 23, 1946.

John J. Watts, of Crane, Tex., and Hill D. Hudson, of Pecos, Tex., for appellants.

William L. Kerr and Robert M. Turpin, both of Midland, Tex., and W. P. Z. German, of Tulsa, Okla., for appellee.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

LEE, Circuit Judge.

This is the third appearance of this cause before this court. The facts and the issues on the two former appeals having been fully set forth in the opinions reported in Amacker v. Skelly Oil Co., 5 Cir., 132 F.2d 431 and Skelly Oil Co. v. Amacker, 5 Cir., 140 F.2d 21, it is necessary only briefly to refer to them here.

The suit is to recover damages for the death of Elmer O'Neal Amacker, (former husband of Mrs. A. H. Gipson and the father of her minor children), resulting from injuries sustained by him while cleaning an oil tank on appellee's premises allegedly as an employee of Gibbins & Heasley, Inc., independent contractors engaged in the business of furnishing services to oil producers (as was appellee) such as the laying of pipe, the digging of pits, and the cleaning of tanks.

The first trial ended in an instructed verdict for defendant, appellee, the district judge being of the opinion that the evidence failed to show any breach of duty by the defendant. On appeal this court held that the defendant had supervision and control over deceased and was under "a duty to exercise due care to see that the dangerous work it put him to doing was done by reasonably safe and prudent means and methods," and the cause was reversed and remanded on the ground that "there was ample evidence to take the case to the jury on all the issues, including the cause of his death; defendant's negligence or deceased's contributory negligence, and his assumption of risk."

On remand the plaintiffs filed pleadings "asserting that the appellee had supervision and control of the deceased, notwithstanding that deceased was merely an invitee," but in other parts of the pleading admitted that the deceased was the employee of an independent contractor and was an invitee, and in still other parts denied that he was an invitee. The defendant, in addition to setting up its former defenses, denied that the plaintiff was entitled to recover against it since it was a subscriber to the workmen's compensation law of Texas at the time of the accident. During the trial evidence was offered to show that it was a subscriber under the compensation law, and it was contended that since the deceased was under its supervision and control as held by this Court in its prior opinion, he was a special employee of defendant, and that therefore the sole and exclusive right of recovery was under the state compensation law. Over plaintiff's objection the trial court permitted the defendant, some days after verdict, to allege by amendment that the deceased was a special employee and was at the time of his injury under its supervision and control. On appeal this Court held that the amendment was properly allowed under Rule 15(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; but that the lower court erred in pre-emptorily charging the jury that the deceased was an invitee upon the premises of defendant, adding that "if the deceased were a special employee of the defendant, he was not merely an invitee, and the plaintiffs' exclusive remedy was under the workmen's compensation statute." It was also held that the court below erred in refusing to give to the jury defendant's special instruction No. 1 "to the effect that if the deceased were the special employee of the defendant in cleaning out the tank, and in such work was under the supervision and control of the defendant, the verdict should be for the defendant," for as this court said: "There was substantial evidence to the effect that the deceased was doing work for the defendant and that defendant not only had the right to supervise and control him in his work, but acually exercised that right. This presented an issue that should have been submitted to the jury, and the failure of the court so to submit the same was a reversible error."

On the second remand new pleadings were filed and additional evidence taken, which at most merely delineated the pleadings and the evidence in the second trial. At the close of the last trial, upon motion of the defendant, the court charged the jury that deceased was working as an employee for the defendant under the control and direction of the defendant; that the defendant at the time was a subscriber to the workmen's compensation law of the state of Texas, which covered persons employed by them; and that the exclusive remedy afforded to plaintiffs was under the Workmen's Compensation Act, and measured by that. The court thereupon instructed the jury as a matter of law to return a verdict in favor of the defendant. From the judgment entered on that verdict, the plaintiffs prosecuted this appeal, and the question presented is whether the court below erred in giving the aforesaid instruction.

An examination of the records on the various appeals shows that the cause

upon the first and second trials differed in this: The defendant during the second trial pleaded that if, as stated by this court in its prior opinion, the deceased was under its supervision and control, then under the borrowed-servants rule he was a special employee of the defendant, in which event it alleged that the sole and exclusive right of recovery was under the Texas compensation law to which it was a subscriber. There was no material change in the issues or in the evidence upon the third trial. The pleadings filed on the second remand merely amplified and clarified the pleadings before the court on the second trial; the evidence offered on the third trial was in all respects substantially the same as that offered on the second trial. Under these circumstances, the opinion by this court on the second appeal became the law of the case, and whether the deceased was an invitee upon the premises of the appellee as an employee of an independent contractor, or a special employee of the appellee, was an issue of fact for the jury to determine. This issue along with the others, including the cause of the death of the deceased, appellee's negligence or deceased's contributory negligence, and his assumption of risk, should have been submitted to the jury.

In stating in the first opinion that defendant on the record had supervision and control of the deceased,[1] this court did not, as contended by appellee, hold that such supervision and control made the deceased, as a matter of law, a special employee of the appellee. The question whether he was a special employee was not considered on that appeal, it was not before the court for consideration. The statement was made in the course, and as a part, of the holding that on the record then before us the defendant

owed a duty to plaintiff as invitee and that whether it had properly discharged that duty and whether there was liability were questions of fact upon which the jury's verdict should have been taken.

Temporary supervision and control by one, of the general servant of another, while an important, is by no means the sole, factor to be considered in determining whether a general servant sent by his employer to perform temporary service for another is the special servant of that other. Section One of Article 8309 of the Vernon's Annotated Revised Civil Statutes of Texas, in defining "employer"[2] and "employee"[3] makes this clear. A contract, express or implied, is as necessary to the creation of a special employer-employee relationship as it is to a general one. When then, as here, it is claimed that a general servant of one employer has, by virtue of an agreement for his services made by his employer with another, temporarily become the special servant of that other, and no express agreement between special employer and special employee that he is to become such is claimed, there must be proof from which such an agreement can be implied. This may not be done without a showing that the general employer has in effect contracted for the employee to this effect with his special employer with the express authority of the employee, or that, knowing of the agreement he has acquiesced therein. Cf. Security Union Insurance Co. v. McLeod, Tex.Com.App., 36 S.W.2d 449; Manning v. Texas Employers' Insurance Association, Tex.Civ.App., 67 S.W.2d 389; Texas Employers' Insurance Association v. Neeley, Tex.Civ.App., 189 S.W.2d 626, 629; Hartford Accident & Indemnity Co. v. Addison, 5 Cir., 93 F.2d 627. In Rhinelander Paper

---

[1] "* * * the defendant had supervision and control over deceased and was under a duty to exercise due care to see that the dangerous work it put him to doing was done by reasonably safe and prudent means and methods, and deceased in going into the tank to do the work required with the tools and equipment and in the way provided by the defendant had a right to assume that the defendant had taken adequate precautions, unless, and this, as the other questions the case presents including whether he was asphyxiated, was a question for the jury, the dangers of doing the work in the way he did it were so obvious to him that it might be found that he voluntarily took upon himself the risk

of death by asphyxiation." Amacker v. Skelly Oil Co., 5 Cir., 132 F.2d 433.

[2] "'Employer' shall mean any person, firm, partnership, association of persons or corporations or their legal representatives that *makes contracts of hire.*" (Emphasis supplied.)

[3] "'Employee' shall mean every person in the service of another *under any contract of hire, expressed or implied,* oral or written, except masters of or seamen on vessels engaged in interstate or foreign commerce, and except one whose employment is not in the usual course of trade, business, profession or occupation of his employer." (Emphasis supplied.)

Co. v. Industrial Commission, 206 Wis. 215, 239 N.W. 412, 413, the court said: "Where an employee enters the service of another at the command and pursuant to the direction of the master, no new relationship is created. While the employee may be subject to the direction of the temporary master, he is there in obedience to the command of this employer, and in doing what the new master directs him to do, he is performing his duty to the employer who gave the order. Whether or not there is in a particular case such a change of relationship is often a matter of great difficulty and as to which reasonable minds may come to different conclusions. In this case the employment was temporary. It is clear that the claimant was performing services in obedience to the direction of the master and that there was no consent on his part, express or implied, sufficient to make him the employee of the American Engineering Company. Consent cannot be inferred merely from the fact that the employee obeyed the commands of his master in entering the services of another."

The judgment appealed from is reversed, and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.

WALLER, Circuit Judge (specially concurring).

The complaint under which the second trial was had, having in one place denied that the deceased was an invitee and having asserted in other places that the defendant had supervision and control of the deceased, came perilously near to an admission as a matter of law that deceased was a special employee of defendant. It at least placed plaintiffs in poor position to assert that Amacker was not such employee, particularly in view of the inference of consent that might reasonably be drawn from the fact that he had hired himself as one of a crew whose usual function was to do the work of a service organization for third parties.

Under the amended pleadings of the plaintiffs, upon which the case was tried the last time, there is an absence of an admission of any supervision and control, or right of supervision and control, of the deceased by the defendant. The question of whether or not: (1) the defendant had the right of supervision and control of the deceased; and (2) whether or not the deceased, by joining himself to the crew of

Gibbins & Heasley to be solely occupied in the rendition of services to third parties, and by so engaging in rendering such services to defendant on the occasion in question, thereby impliedly consented to become the special employee, and subject to supervision and control, of the defendant, were factual questions for the jury.