Braun and another, Appellants, vs. Jewett and others, Respondents.

*September 11—October 8, 1957.*

534

For the appellant Elmer T. Braun there were briefs and oral argument by *Leon Feingold* of Janesville.

For the appellant Employers Mutual Liability Insurance Company of Wisconsin there was a brief and oral argument by *Crosby H. Summers* of Janesville.

For the respondents there was a brief by *Geffs, Geffs, Block & Geffs* of Janesville, and oral argument by *Eli Block*.

WINGERT, J.

### Braun's Appeal.

1. The controlling question on this appeal is whether it can be said as a matter of law that Braun, by helping the J & W crew unload the radiator, became an employee of J & W so as to become entitled to workmen's compensation from J & W for the injuries he received. In a carefully reasoned decision the circuit court answered that question in the affirmative, and accordingly dismissed the complaint, since the Workmen's Compensation Act provides that the remedy thereby given shall be exclusive as against the employer. Sec. 102.03 (2), Stats. 1949. While the question is a close one, we have reached the contrary conclusion, and, therefore, hold that defendant's motion for summary judgment must be denied.

The problem of the "loaned employee" arises frequently. A servant of one employer may be loaned to another for some special service so as to become, as to that service, the employee of the latter. When an employee so loaned is injured in the course of that service, he may at his option claim workmen's compensation from either the general employer

or the special employer, although of course he cannot recover double compensation; and if the general employer pays him such compensation, the general employer may recover the same from the special employer. Sec. 102.06, Stats. 1949. In the case of the loaned employee, his remedy under the Workmen's Compensation Act is his exclusive remedy against the special employer, and he cannot maintain an action against the special employer for damages resulting from the special employer's negligence or violation of the safe-place statute. Sec. 102.03 (2), Stats. 1949; *Johnson v. Wisconsin Lumber & Supply Co.* 203 Wis. 304, 310, 311, 234 N. W. 506.

On the other hand, if the injured man is not an employee of the employer whose servants negligently have caused his injury, he may maintain an action against the latter for his damages, and the general employer (or his insurance carrier) who has paid him workmen's compensation may join in such action, the proceeds to be shared as provided by statute. Sec. 102.29 (1), Stats. 1949.

Unfortunately there is no simple and easy test of general application to determine whether the employee of A who gives some temporary help to B becomes B's loaned employee. Twenty-five years ago Mr. Chief Justice ROSENBERRY remarked that the decisions in this field were to some extent irreconcilable. *Rhinelander Paper Co. v. Industrial Comm.* 206 Wis. 215, 217, 239 N. W. 412. Time has not wholly relieved that difficulty. For an enlightening discussion of the subject, see Mortimer Levitan, "Loaned Employees," 27 Wisconsin Bar Bulletin, October, 1954, page 7.

In *Seaman Body Corp. v. Industrial Comm.* 204 Wis. 157, 163, 235 N. W. 433, this court suggested the following test:

"(1) Did the employee actually or impliedly consent to work for a special employer? (2) Whose was the work he was performing at the time of injury? (3) Whose was the

right to control the details of the work being performed? (4) For whose benefit primarily was the work being done?"

The apparent simplicity of this test is deceptive as applied to the facts of a case like the present one, where the employee was carrying out the instructions of his general employer and promoting its interests at the same time that he was helping the special employer do its job. While he consented to help J & W, as he was ordered to do by Gazette, he denies that he thereby intended to enter J & W's employ.

A number of decisions strongly support the contention that Braun became a special employee of J & W. *Cayll v. Waukesha G. & E. Co.* 172 Wis. 554, 558–560, 179 N. W. 771; *Spodick v. Nash Motors Co.* 203 Wis. 211, 214, 232 N. W. 870; *Seaman Body Corp. v. Industrial Comm.* 204 Wis. 157, 163, 235 N. W. 433.

On the other hand, the contrary conclusion is supported by later cases. *Rhinelander Paper Co. v. Industrial Comm.* 206 Wis. 215, 239 N. W. 412; *Siblik v. Motor Transport Co.* 262 Wis. 242, 245, 55 N. W. (2d) 8.

All things considered, we think the *Siblik Case* last cited should govern the present one. There a trucker had delivered some freight to the dock of Siblik's general employer and was trying to drive away when his truck stuck in the mud. Siblik's foreman directed Siblik to help the trucker get out of the mud, it being to the general employer's interest to get the truck away from the dock to make room for others. Siblik obeyed, and while he was helping the trucker he was injured. This court held that Siblik did not become an employee of the trucker; and quoted with approval from *Rhinelander Paper Co. v. Industrial Comm.* 206 Wis. 215, 217, 239 N. W. 412:

"It is quite generally agreed that in order to transfer liability from the general employer to the one to whom the employee is loaned, there must be some consensual relationship between the loaned employee and the employer whose

service he enters, sufficient to create a new employer-employee relationship. Where an employee enters the service of another at the command and pursuant to the direction of the master, no new relationship is created. While the employee may be subject to the direction of the temporary master, he is there in obedience to the command of his employer, and in doing what the new master directs him to do he is performing his duty to the employer who gave the order."

The Restatement of the Law of Agency makes the following pertinent comments:

"*b. Inference that original service continues.* In the absence of evidence to the contrary, there is an inference that the actor remains in his general employment so long as, by the service rendered another, he is performing the business intrusted to him by the general employer. There is no inference that because the general employer has permitted a division of control, he has surrendered it.

". . . The fact that he [the employee] obeys the requests of the temporary employer as to the act does not necessarily cause him to be the servant of such employer." Restatement, 1 Agency, pp. 501, 504, sec. 227, comments *b* and *d*.

In the present case, while (a) it was primarily J & W's work that Braun was doing at the moment he was injured, and the J & W crew had requested the particular help he was giving them and told him what to do, he nevertheless (b) acted on the orders of Gazette Printing Company that he go along with the truckers and help them unload the radiators, and was doing it to serve Gazette's interests by expediting the trip and hastening his return to his regular duties at the printing plant. In the circumstances of this case, we think facts (b) outweigh facts (a). *Rogers v. Valley Outdoor Theater Co.* 262 Wis. 658, 56 N. W. (2d) 503, relied on by defendants and the court below, is distinguished by the fact that there the employee who was held to have been "borrowed" by and under the control of the temporary employer was not, so far as appears, giving help to the latter

at the direction or even with the knowledge of his general employer.

We therefore hold that the motion for summary judgment should be denied, and plaintiff given an opportunity to prove his case at a trial on the merits.

2. The circuit court also expressed the view, as a matter of law on the facts presented on the motion for summary judgment, that there was no violation of the safe-place statute by J & W, and that plaintiff assumed the risk.

We are not prepared to hold on the record before us that there is no issue of fact as to assumption of risk. Wisconsin has limited the application of the defense of assumption of risk to situations where there is a consensual relationship between the defendant and plaintiff such as master and servant or host and guest. *Schiro v. Oriental Realty Co.* 272 Wis. 537, 548, 76 N. W. (2d) 355; and see *Scory v. LaFave,* 215 Wis. 21, 30, 254 N. W. 643. By sec. 331.37, Stats. 1949, the defense has been abolished in master-and-servant cases except as to farm labor. For present purposes we may assume, without deciding, that the relationship between plaintiff and defendant J & W was within the class of consensual relationships to which the defense is still applicable. Nevertheless summary judgment should be granted only when it is apparent that there is no substantial issue of fact or of permissible inference from undisputed facts to be tried, and it is not a substitute for a regular trial nor does it authorize trial of controlling issues on affidavits. *Kluth v. Crosby,* 275 Wis. 251, 254, 81 N. W. (2d) 515. We cannot say that the facts as presently presented clearly foreclose the possibility of a reasonable jury finding that plaintiff did not assume the risk of the J & W crew's negligent handling of the large radiator they were unloading, for instance. Therefore plaintiff is entitled to trial on the merits.

3. Since the case must go to trial and the question whether there was a violation of the safe-place statute is a close one,

we think it better that decision on that question be deferred until the facts have been fully developed at the trial. Our reversal of the judgment will prevent the lower court's ruling on that point from becoming the law of the case.

## Appeal of Employers Mutual.

The motion of Employers Mutual for leave to file a supplemental complaint against the defendants for reimbursement for the compensation paid to Braun was denied on the ground that Employers Mutual had made a binding election of remedies with which the proposed supplemental complaint would be inconsistent, and that the supplemental complaint would violate sec. 263.04, Stats., providing that causes of action may be united only if they affect all of the parties.

1. This appeal does not become moot by reason of our reversal of the trial court's ruling that Braun was a loaned employee of J & W. While for the time being Employers Mutual may desire to join with Braun in his action under sec. 102.29 (1), Stats. 1949, nevertheless at a later time it may again find it necessary to proceed against the defendants under sec. 102.06, Stats. 1949. The reversal of the summary judgment is based on statements made in affidavits which for present purposes we must take as true; but on the trial Braun may fail to prove the facts necessary to keep him from becoming an employee of J & W and hence his complaint may again be dismissed, in which event Employers Mutual may again properly want to seek reimbursement from J & W under sec. 102.06, Stats. 1949. Since it is already more than six years since the accident happened, the statute of limitations may cause complications. We must, therefore, review the denial of Employers Mutual's motion.

2. We cannot agree that by joining in Braun's complaint as authorized by sec. 102.29 (1), Stats. 1949, Employers Mutual made a binding election of remedies which barred the

proposed "supplemental" or amended complaint under sec. 102.06, Stats. 1949, for reimbursement for workmen's compensation paid to Braun. In the latter complaint Employers Mutual does not seek to relitigate the issue of third-party liability under sec. 102.29 (1), Stats. 1949, or the issue of who was Braun's employer, but instead it accepts the circuit court's ruling on those questions and makes claim against defendants on an alternative and entirely different ground.

. It is not a case where Employers Mutual originally had two available remedies to recover the compensation paid Braun. On the contrary, it had only one remedy. Whether that remedy is under sec. 102.29 (1), Stats. 1949, or under sec. 102.06 depends on Braun's status as an employee of J & W. By seeking to proceed under sec. 102.06 after the circuit court held it had no cause of action under sec. 102.29 (1), Employers Mutual falls within the established rule that if plaintiff has mistaken his remedy in the first instance, there has been no binding election by the commencement of the first action that precludes him thereafter from pursuing the proper remedy to judgment. *Fuller-Warren Co. v. Harter,* 110 Wis. 80, 84, 85 N. W. 698; *Rowell v. Smith,* 123 Wis. 510, 518, 102 N. W. 1. In such a case the plaintiff should be allowed to amend his complaint. Sec. 269.52. Furthermore, the harsh doctrine of election of remedies is generally not to be applied where, as here, the plaintiff has not been unjustly enriched, the other parties have not been misled to their detriment, the result is not otherwise inequitable, and *res judicata* does not apply. *Schlotthauer v. Krenzelok,* 274 Wis. 1, 6, 79 N. W. (2d) 76 (a decision too recent to have been available to the court below).

3. Neither do we see that sec. 263.04, Stats., would have been violated by permitting the supplemental complaint to be filed, had the holding that Braun was an employee of J & W remained in effect. On the basis of that ruling Braun's

complaint was dismissed, he dropped out as a party plaintiff, and that would have left Employers Mutual as the sole plaintiff in its supplemental complaint, with J & W and its compensation carrier as defendants. Thus the supplemental complaint would have affected all of the parties remaining in the action.

4. It remains to determine what should be done with the order denying Employers Mutual's motion.

For the reasons stated we think the motion should have been granted when made. The reversal of the judgment changes the picture, however, by reinstating the original complaint. Presumably Employers Mutual will wish to participate in that litigation as originally planned, rather than abandon it and proceed immediately under sec. 102.06, Stats. 1949, as contemplated by its motion. Nevertheless the time may come when Employers Mutual again will properly wish to proceed under sec. 102.06, Stats. 1949. Where the propriety of alternative remedies depends on as uncertain a question as that of Braun's employment or nonemployment by J & W, Employers Mutual should not have to choose at its peril, but in one way or another should be permitted to assert its possible causes of action in the alternative, either both in the pending action or that under sec. 102.06, Stats. 1949, in a separate action. To plead the latter in the alternative in the pending action may raise a doubtful question under sec. 263.04, since Braun is a party to the cause of action under sec. 102.29 (1), Stats. 1949, but not to that under sec. 102.06, Stats. 1949.

We hold, therefore, that the order appealed from should be modified to deny the motion without prejudice to the right of Employers Mutual to renew its motion in the pending action or to commence an independent action under sec. 102.06, Stats. 1949, such independent action to be held in

abeyance until final determination of the pending action if Employers Mutual so elects.

*By the Court.*—Judgment reversed, with directions to deny the motion for summary judgment. Order modified in accordance with the last paragraph of the opinion, and as so modified, affirmed.