**MERCURY LIFE AND HEALTH COM-PANY, Appellant,**

**v.**

**Gregorio Flores DE LEON et al., Appellees.**

**No. 3388.**

Court of Civil Appeals of Texas.

Eastland.

May 30, 1958.

Rehearing Denied June 20, 1958.

John Peace and Edward W. Penshorn, San Antonio, for appellant.

Matthews, Nowlin, MacFarlane & Barrett, San Antonio, for appellees.

COLLINGS, Justice.

This case was filed by Mercury Life and Health Company as a bill of inter-pleader. The insurance company sought a determination as to whom it was obligated to pay $500 which it admitted was due and payable under the terms of an insurance policy issued to the defendant Gregorio Flores De Leon. In addition to the policy holder the insurance company also named St. Francis Hospital and Dr. Thomas G. Otto as defendants. The three named defendants answered affirming the existence of the insurance policy but denying that the liability of the plaintiff insurance company was limited to $500. They alleged that the policy provided that in case of an occupational injury to De Leon the insurer would pay benefits for hospitalization and medical expenses up to $5,000. The defendants alleged that on account of injuries sustained by De Leon in the course of his employment as provided in the policy he had incurred an indebtedness to St. Francis Hospital for hospital services in the sum of $1,778 and an indebtedness to Dr. Thomas G. Otto for medical services in the sum of $500. The defendants prayed judgment against the plaintiff insurance company for the amount of such medical and hospital bills, for statutory damages and attorneys fees. The case was tried before a jury which found the injury sustained by De Leon occurred while he was in the course of his employment. Based upon the verdict, judgment was rendered against the insurance company and for Dr. Thomas G. Otto in the sum of $500 and for St. Francis Hospital in the sum of $1,778. Mercury Life and Health Company has appealed.

Appellee, Gregorio Flores De Leon, is one of a group of Mexican nationals brought to the United States and to the State of Missouri under an individual work contract with E. E. Douglas and W. E. Young who were cotton farmers. Appellant Mercury Life and Health Company issued a policy of insurance to appellee De Leon which provided that it was is-sued only for the purpose of insuring migratory farm workers while they were under contract of employment under individual work contracts authorized by the Mexico-United States Farm Labor Agreement. The policy was an individual policy issued to De Leon insuring him against medical and hospital expenses on account of sickness and injury in a sum not to exceed $500 for any non-occupational injury or sickness and indemnity for medical and hospital expenses not to exceed $5,000 for injury or sickness which occurred in performance of the insured's employment.

Appellant contends in two points that there was no evidence or in any event insufficient evidence to support the jury finding that De Leon at the time of his injury was engaged in the course of his employment with his employers Douglas and Young; that on the contrary the evidence showed conclusively that De Leon was at the time of his injury not in the course of his employment, and that the court erred in overruling appellant's motions for an instructed verdict and for judgment non obstante veredicto.

Sections III, IV and VII (A) of the insurance policy are material to the question involved in this case. These sections read as follows:

"Section III—Indemnity for Injury or Sickness

"When injury or·sickness occurs in performance of the Insured's employment and requires treatment by a legally qualified licensed physician or surgeon, confinement within a hospital, employment of a graduate nurse, X-Ray examinations, medical prescriptions, ambulance service or surgical apparatus or appliances, the Company will pay, in addition to any other indemnity payable, hereunder, the total amount expended or incurred for the benefit or use of each insured person hereunder within twenty-six (26) weeks after the injury or

sickness for the aforementioned items incurred; however, such total or aggregate sum payable under this Section III shall not exceed Five Thousand Dollars ($5,000.00); and except as stipulated and provided in Section IV herein.

"Section IV—Alternative Indemnity for Injury or Sickness

"Whenever the injury or sickness of the insured does not arise solely out of and in the course of the insured's employment for wage or profit with the employer, then, and in that event, the insured shall be entitled to indemnity benefits under this Section IV and Section III herein shall not apply. When injury or sickness under this Section IV requires treatment by a legally qualified licensed physician or surgeon, confinement within a hospital, employment of a graduate nurse, X-Ray examination, use of an ambulance, medical prescriptions or medical and surgical apparatus or appliances, the Company will pay the entire amount or aggregate sum expended for the benefit of the covered insured for the hereinabove named items being such sums or aggregate amount actually incurred within twenty-six (26) weeks after the date of the accident or commencement of the sickness, however, such sum shall not exceed in the aggregate the total maximum of Five Hundred ($500.00) Dollars for each insured."

"Section VII—Special Provisions

"A. This policy is applicable to and shall be issued only for the purpose of insuring migratory farm laborers of the Republic of Mexico, while said farm laborers, herein called "insured persons", are under contract of employment under individual work contracts authorized by the Mexico-United States Farm Labor Agreement."

The evidence is undisputed that De Leon was a migratory farm worker under contract of employment under an individual work contract with Douglas and Young. Appellant urges that De Leon was at the time of his injury not in the performance of his employment with Douglas and Young, but was a borrowed employee; that, although he was employed as a cotton picker at the time of his injury, he was not in the course of his employment as contemplated by the insurance policy; that he was in the course of his employment as contemplated by the policy only while he was working for Douglas and Young, the employers with whom he had entered into an individual work contract; that at the time of his injury he was not working for Douglas and Young but had been loaned by them to an employer by the name of W. D. Blaylock and that, while en route to Blaylock's farm for the purpose of picking Blaylock's cotton, he was struck by a truck and received the injuries complained of.

There was no evidence that De Leon had an individual contract with Blaylock. The evidence indicated that H. A. Mahan, who operated a ginning company, also owned and operated a large cotton acreage. He leased land to several neighboring farmers for the purpose of producing cotton. Among the farmers who leased land from Mahan were Douglas, Young and Blaylock. In order to harvest his cotton crop and that produced on surrounding lands, including farms which he had leased to others in the neighborhood of his cotton gin, Mahan arranged to import a large number of Mexican laborers. It was under these circumstances that De Leon entered into his individual work contract with Douglas and Young. The evidence showed that each morning the Mexican laborers would gather at a designated point from which they were transported to the particular cotton fields which were ready for picking that day. On the day in question Blaylock's cotton was ready to be picked. Blay-

lock came to the place where the Mexican laborers had congregated and loaded them into his truck. He was taking them to pick cotton on lands farmed by him at the time of the accident. The evidence showed that Blaylock had an agreement with Douglas and Young and Mahan for the exchange of cotton pickers back and forth as they were needed on the various farms in question. The evidence further showed that the workers were paid by Mahan when the cotton was delivered to his gin according to the amount of cotton picked as reflected by a record kept by one of their own number. Mahan also paid the life insurance premiums to appellant on the policy of insurance here in question. There was no evidence that De Leon had an individual work contract with Blaylock.

 In our opinion there was ample evidence to support the jury finding that the injury to De Leon occurred while he was in the course of his employment with Douglas and Young. The relation of employer and employee is contractual. That relationship existed between De Leon and Douglas and Young. An employee in the general employment of one employer may be temporarily loaned to another so as to become a special employee of the second employer. It is held, however, that even though an employee may be subject to the direction of a temporary master no new relationship of employment is created, if, in following the directions of the temporary master, he is doing so merely in obedience to the direction of and in the performance of his duty to his employer. The rule is stated in Rhinelander Paper Co. v. Industrial Commission, 206 Wis. 215, 239 N.W. 412, 413, and quoted as applicable in Texas in Gipson v. Skelly Oil Co., 5 Cir., 152 F.2d 588, 591, as follows:

"Where an employee enters the service of another at the command and pursuant to the direction of the master, no new relationship is created. While the employee may be subject to the direction of the temporary master, he is

there in obedience to the command of this employer, and in doing what the new master directs him to do, he is performing his duty to the employer who gave the order. Whether or not there is in a particular case such a change of relationship is often a matter of great difficulty and as to which reasonable minds may come to different conclusions. * * *"

The case of Texas Employers' Insurance Ass'n v. Neely, Tex.Civ.App., 189 S.W.2d 626, is similar to the instant case in that in each the injured employee was at the time of his injury working temporarily under the direction of some person other than his employer. In the Neely case it was held that where the plaintiff employee was sent by his employer to the O'Neal home and told that when he got there Mrs. O'Neal or the plumber would tell him "what to do" and the plumber did tell him what to do and when to do it, that the evidence did not conclusively establish a contract whereby the plaintiff became the special or borrowed employee of the plumber. It was held in the Neely case that in order to establish an employer-employee relationship between an employee and a borrowing employer that the employee must know or be charged with knowledge of the lending agreement. It was further held in that case that the employee's knowledge of a lending agreement, if any, between his employer and the plumbing company was not conclusively shown. The same can be said in the instant case. Upon the authority of the above cited cases we hold the evidence presented at least a fact question for jury determination as to whether De Leon was in the course of his employment with Douglas and Young at the time he was injured and that the evidence was sufficient to support the finding of the jury that he was in the course of such employment. See also Insurer's Indemnity and Insurance Co. v. Pridgen, 148 Tex. 219, 223 S.W.2d 217; Goodwin v. Wilhelm Steel Construction Co., Tex.Civ.App., 311 S.W.2d 510 (Writ Ref.); Traders & Gen-

eral Ins. Co. v. Jaques, Tex.Civ.App., 131 S.W.2d 133 (Dis., judgment correct.); Texas Employers' Ins. Ass'n v. Baker, Tex. Civ.App., 278 S.W.2d 419 (RNRE).

We cannot agree with appellant's contention that the above cited workmen's compensation cases are not applicable as authority in the instant case because it involves an individual insurance policy and not a policy of workmen's compensation insurance. We know of no reason why the general rule of law therein applied concerning the relationship of employer and employee should not be applicable in the instant case. Harris v. Cochran, Tex.Civ. App., 288 S.W.2d 814 (RNRE).

The evidence does show that the services of De Leon were at the time of his injury under the temporary supervision and control of Blaylock. But, it is not claimed that there was an express agreement between De Leon and Blaylock that De Leon was to be Blaylock's employee. There is no showing, at least no conclusive showing, that De Leon knew of or acquiesced in the lending agreement, if any, between Blaylock and his employers, Douglas and Young. On the contrary, the evidence indicates that the manner or routine of De Leon's services were at all times the same. He was picked up each morning and carried to the cotton fields where he was to labor during the day. He was paid by Mahan when the cotton was delivered to the gin on the basis of a record kept by one of his fellow workers. The evidence indicates, or is subject to the construction that the services of De Leon were, at all times material hereto, subject to the right of control by his employers, Douglas and Young. This evidence was sufficient to support the finding that De Leon was in the course of his employment with Douglas and Young at the time of his injury. The court did not err in overruling appellant's motion for a directed verdict and for judgment non obstante veredicto.

The judgment of the trial court is affirmed.