**CENTRAL SURETY & INSURANCE CORP.**
**(Commercial Union Insurance**
**Co.), Appellant,**

v.

**Jesse SMITH et al., Appellees.**

**No. 255.**

Court of Civil Appeals of Texas.

Tyler.

Dec. 8, 1966.

Rehearing Denied Jan. 5, 1967.

J. W. Patten, Stafford, Williams & Weitinger, James G. Sargent, Houston, for appellant.

Kenneth J. Will and Bradley Collins, Gripp, Will & Collins, Houston, for appellee Jesse Smith.

Donald Hallmark and J. M. Perry Archer, Law Offices of Donald R. Hallmark, Houston, for appellee Liberty Mut. Ins. Co.

SELLERS, Justice.

This is a suit by Jesse Smith to recover compensation for personal injuries against Liberty Mutual Insurance Company and Central Surety & Insurance Corporation. The question presented on this appeal is which of the defendants is liable for Smith's injuries.

The undisputed facts show that Wood Brothers Transfer, Inc. was the corporation for which Jesse Smith had been employed for a long time, his duties being that of a truck driver, driving a truck for Wood Brothers Transfer, Inc. in delivering merchandise generally for different merchants over the City of Houston. Liberty Mutual Insurance Company carried Workman's Compensation Insurance on the employees of Wood Brothers Transfer Company. Wood Brothers Transfer Company, through its President or Vice-President, made a contract with William Volker and Company to furnish a truck and a driver to deliver its freight over a portion of the City of Houston. The appellant, Central Surety and Insurance Corporation, carried Workman's Compensation Insurance on William Volker and Company, and it was while Jesse Smith was making deliveries of merchandise for Volker and Company that he was injured.

The case was tried to a jury and the jury found that Smith was an employee of Wood Brothers at the time he received his injuries. Liberty Mutual Insurance Company moved for judgment non obstante veredicto to disregard the above finding of the jury and to render judgment against the Central Surety and Insurance Corporation, the insurance carrier of Volker and Company. This motion was granted by the Court and judgment entered against Central Surety and Insurance Corporation, the insurance carrier of Volker and Company, from which judgment Central Surety has duly prosecuted this appeal.

We quote from the evidence given by Mr. Wood, as follows:

"Q All right, sir. Now—did you have some type of arrangement whereby

you were to furnish William Volker & Co. a truck and a driver?

"A    That is correct.

"Q    When did that arrangement first start?

"A    Late 1959 or early 1960 the best of my recollection.

"Q    All right, sir. What was the arrangement with William Volker & Co.?

"A    That Wood Bros. was to furnish a truck and driver to make their local deliveries in the City of Houston.

"Q    To make their local deliveries?

"A    In the City of Houston—yes sir.

"Q    Now, did you furnish a truck for this—was that your truck?

"A    Yes, sir.

"Q    The truck was owned by Wood Bros.

"A    Yes, sir.

"Q    Was the driver paid by you?

"A    That's correct.

"Q    His salary was paid in full by you?

"A    Yes, sir.

"Q    Was it necessary for that driver— where did he pick up the truck in the morning?

"A    At Wood Bros. terminal.

"Q    All right, sir. Did he have any instructions with regard to reporting back in the afternoon?

"A    He was to report back in the afternoon after termination of the day.

"Q    Did you give him any further instructions then what he was to do or how he was to do it when he reported to William Volker?

"A    He was to report to our terminal in the morning to the dispatcher—make

his presence known and pick up the truck—go to William Volker and they would in turn give him the bills of lading of the merchandise they desired to have delivered that particular day.

"They would check the merchandise to the rear of the truck and he in turn would check it against the merchandise he had to deliver—the count and condition of the merchandise and load it on the truck.

"Q    All right, sir. Now was Jesse Smith working for Wood Bros. in 1964?

"A    Yes, he was.

"Q    As a matter of fact, when did Jesse Smith first go to work for you?

"A    May, 1958.

"Q    All right, sir. Did he—what did he do when he first went to work for you?

"A    Truck driver, general freight hauling.

"Q    What do you mean by general freight hauler?

"A    Well, we make deliveries for various concerns and we consolidate them with general freight merchandising —it is loaded into the truck and they make their deliveries around the city here to various consignees.

"Q.    After he had been there for some time, did you assign him or how did he get this run with William Volker?

"A    Well, it was necessary in the best of my recollection—approximately March of '63 to replace a driver we had at Volker's so we put Smith on there since he had worked there various times as an extra and was familiar with the operation.

"Q    Could William Volker fire him if they wanted to?

"A    They could not.

MR. HALLMARK: Objection to what somebody not a party to the lawsuit could do.

THE COURT: That's overruled.

"Q (By Mr. Stafford) Did you retain that prerogative yourself to hire and fire your drivers?

"A We did.

"Q Did you pay Jesse Smith's salary?

"A We did.

"Q Did you withhold Social Security?

"A Yes."

Under the contract between Wood Brothers Transfer Company and William Volker and Company, as related by the above evidence of Mr. Wood which is uncontradicted, it is our opinion that Volker's control of Smith was nothing more than was contemplated by the parties when the contract was made, and that was to furnish the driver of the truck (Smith) with the merchandise to be delivered, with the necessary bills of lading so Smith could check the merchandise on and off the truck. This kind of control by Volker has been held in a recent case not to create a new relationship of employment since in following the directions of Volker, he (Smith) was doing so merely in obedience to the direction of, and in the performance of, his duty to Wood Transfer Company, Wise v. Texas Employers Insurance Association, Tex.Civ.App., 402 S.W.2d 228, from which we quote:

"Serious consideration must be given to the consequences of a holding that the employees of a trucking concern delivering wares and merchandise to another become loaned employees of that person merely because the person receiving the goods gives directions to the employees unloading the truck to facilitate his checking the quality and quantity of the goods delivered. * * *
" * * *

"In Mercury Life and Health Company v. De Leon, Tex.Civ.App., 1958, 314 S.W. 2d 402, writ ref., n. r. e., the court said:

" 'An employee in the general employment of one employer may be temporarily loaned to another so as to become a special employee of the second employer. It is held, however, that even though an employee may be subject to the direction of a temporary master no new relationship of employment is created, if, in following the directions of the temporary master, he is doing so merely in obedience to the direction of and in the performance of his duty to his employer.'

"Comment b of Section 227 of the Restatement of Agency 2d reads:

" 'In the absence of evidence to the contrary, there is an inference that the actor remains in his general employment so long as, by the service rendered another, he is performing the business entrusted to him by the general employer. There is no inference that because the general employer has permitted the division of control, he has surrendered it.' "

We are aware of the evidence of Smith that when he finished a delivery, he was to call Volker and Company and make another delivery if they desired. If he finished his deliveries at three or four o'clock in the afternoon, and Volker and Company had no other deliveries to make, he would report back to Volker and Company and would help unload box cars. He was instructed by Wood under such circumstances to report back to Volker and Company and do whatever Volker desired for him to do.

The fact remains that he was not injured while unloading box cars, and that question is not before this Court for decision. Under the foregoing authority, this Court is of the opinion that the trial court erred in sustaining the appellee's motion for

judgment non obstante veredicto, and judgment is here rendered that Smith recover his damages from appellee, Liberty Mutual Insurance Company, insurer of Wood Brothers Transfer, Inc.