# SAMUEL PARNESS AND ANOTHER v. ECONOMICS LABORATORY, INC.

170 N. W. (2d) 554.

August 22, 1969—Nos. 41416, 41434.

*Hvass, Weisman, King & Allen, Robert J. King, Thomas B. Cline,* and *James C. Tarbox,* for appellants.

*Tyrrell, Jardine, Logan & O'Brien,* for respondent.

ROGOSHESKE, JUSTICE.

These appeals by plaintiffs question the propriety and form of, and the evidentiary justification for, the trial court's submission of the issues of contributory negligence and assumption of risk to the jury as separate and distinct defenses in a personal injury action.

Plaintiff Gertrude Parness suffered a fractured hip when she slipped and fell on a floor covered with soapy water in the kitchen of a cafe in which she was employed. In this action she sought damages and her husband, plaintiff Samuel Parness, sought consequential damages against defendant, who supplied the cafe with a detergent dispenser and detergents for its commercial dishwasher. Plaintiffs allege that one of defendant's employees, after removing the dispenser from the dishwasher, negligently left the washing tubes in a vertical rather than a horizontal position, thereby causing soapy water to be directed outside the machine and onto the floor of the kitchen when the dishwasher was turned on. Defendant denied this claim and alleged as affirmative defenses both contributory negligence and assumption of risk on the part of Mrs. Parness. The jury returned a general verdict for defendant and these appeals followed.

Plaintiffs do not question the sufficiency of the evidence to support the verdict in favor of defendant except as it relates to the issues of contributory negligence and assumption of risk. On these issues, viewing the evidence most favorably to the defendant, as we must, the jury could have found that Mrs. Parness, unaware that the washing tubes of the commercial dishwasher were not in a proper position, went to the machine, inserted a rack of dishes, and pressed the electric control to start it. Thereupon, soapy water was ejected from the machine and covered the floor of the kitchen. Mrs. Parness admits that she

knew that the water contained soap, understood and appreciated that the floor was slippery, and realized that there was a danger of slipping on it. Nevertheless, she attempted to walk across the floor to reach a mop and bucket leaning against the wall opposite from where she was standing in order to mop the floor so that she and the other employees could resume preparing and serving food. As she set out across the slippery floor, she was followed closely by a coworker whom she had informed of the problem. Mrs. Parness, however, chose not to hold onto the dishwasher, the sink, other kitchen equipment, or the coworker's arm for support. Part way across the kitchen she fell, sustaining the injury for which plaintiffs bring this action.

In submitting these issues, the court refused numerous written and oral instructions requested by plaintiffs which sought to emphasize the issue of the reasonableness of Mrs. Parness' decision to proceed across the slippery floor and instructed the jury substantially in the words of Minnesota Jury Instruction Guides, Instructions 135 and 136:

"Assumption of risk is voluntarily placing oneself in a position to chance known hazards. To find that a person assumed the risk, you must find:

"1. That she had knowledge of the risk.

"2. That she appreciated the risk, and

"3. That she had a choice to avoid the risk or chance it and voluntarily chose to chance it.

"If a person has assumed the risk, she cannot recover for any injury or damage sustained by her.

"Assumption of risk should be distinguished from contributory negligence. Assumption of risk does not involve the failure to use reasonable care. A person who assumes the risk is one who voluntarily chooses to chance a danger which is known and appreciated. Contributory negligence does involve a failure to use reasonable care. *A person who is contributorily negligent is one who has failed to use that care which a reasonable person would use under like circumstances.*" (Italics supplied.)

On this appeal plaintiffs contend (1) that the evidence was insufficient as a matter of law to justify submitting to the jury either assumption of risk or contributory negligence with respect to Mrs. Parness' decision to walk across the slippery floor, even though plaintiffs recognize that the evidence as to the manner in which she proceeded did raise a jury question as to her contributory negligence; (2) that the court erred in submitting the defenses as separate and distinct and in doing so erroneously permitted the jury to find that Mrs. Parness assumed the risk without evaluating whether her decision to proceed was reasonable or unreasonable; and (3) that the court erred in refusing to give specific instructions requested by plaintiffs embodying the factor of reasonableness claimed to be an essential element of assumption of risk.

It is apparent that this is a case where assumption of risk and contributory negligence overlap. Our brief recital of the facts, however, demonstrates that there is an evidentiary basis for the submission of both defenses. It cannot be seriously argued that there was no evidentiary basis for the submission of contributory negligence. The jury could have justifiably concluded that Mrs. Parness failed to exercise reasonable care in deciding to attempt to walk across the water-covered floor as well as that, after having made the decision to do so, she failed to use reasonable care in the method by which she proceeded. A finding of negligence in making the decision to proceed is supported by her own admission and indeed by the undisputed testimony that no emergency or panic situation existed which required her to make a snap decision to immediately mop up or assist in mopping up the soapy water. In addition, even if Mrs. Parness' decision to proceed was not a departure from reasonable conduct, the jury could have found, as plaintiffs appear to concede, that she was contributorily negligent in walking unaided, as she did, or in failing to guard against a fall by availing herself of the support of the arm of her coworker, the dishwasher, or some of the other equipment in the kitchen.

With respect to the defense of assumption of risk, under the undisputed evidence, the jury was compelled to conclude not only that all persons of average intelligence know that soapy water makes floors slippery, but also that Mrs. Parness herself knew of the risk and appreciated its nature. The critical point is whether or not there was an evidentiary basis to support a finding that she had a choice either to avoid the risk or chance it and voluntarily chose to chance it. Under the circumstances, which involved no emergency, urgency, or panic, she had the alternative of immediately proceeding across the floor or of waiting until she could do so with safety without resulting, arguably, in any undue inconvenience to herself or her employer. As pointed out in Cogswell v. U. S. S. Yorktown Post 178, 274 Minn. 154, 143 N. W. (2d) 45, this was an alternative safe course of conduct, which for assumption-of-risk purposes is treated the same as an alternative safe route in the geographic or physical sense. Mrs. Parness' decision to proceed across the floor when there was in fact open to her a safe alternative permits a conclusion, judged by a subjective standard, that she, however reluctantly, manifested her voluntary consent to assume the risk by agreeing to look out for her own safety. Such a permissible conclusion not only supports a finding of a voluntary choice to encounter the risk of injury but necessarily, under the rule requiring an instruction concerning a party's factual and legal theory of the case, required submission of the defense of assumption of risk.

As noted, this is one of those cases where the defenses of contributory negligence and assumption of risk overlap or coexist. See, Standafer v. First Nat. Bank, 243 Minn. 442, 68 N. W. (2d) 362. This is so because under the evidence a jury would not be justified in finding that Mrs. Parness voluntarily assumed the risk, judged by a subjective standard, without also finding that her decision to proceed across the floor was so unreasonable, judged by an objective standard, as to amount to contributory negligence.

As noted above, however, the defenses are separate and dis-

tinct in this case because the jury could find that Mrs. Parness did not voluntarily assume the risk but could justifiably find that her negligence contributed to cause her fall. The jury could have reached this conclusion by reasoning that she did not voluntarily consent to encounter the risk because of her belief that her duties as an employee permitted no delay, but that she was contributorily negligent because the danger was so great that a reasonable person in like circumstances would not attempt to cross the slippery floor or, at the very least, would have done so in a manner which protected her from an injury-producing fall, even though her original decision to proceed did not amount to negligence. See, Donald v. Moses, 254 Minn. 186, 94 N. W. (2d) 255. Since the evidence justified submission of both defenses, it is commonly accepted and has often been held that in such cases the defendant may at his election avail himself of either or both defenses. Prosser, Torts (3 ed.) § 67, p. 451. See, White v. McVicker, 216 Iowa 90, 246 N. W. 385; Evans v. Johns Hopkins University, 224 Md. 234, 167 A. (2d) 591. See, also, Hubenette v. Ostby, 213 Minn. 349, 6 N. W. (2d) 637.

However plaintiffs vigorously urge that in this type of case, where the defenses overlap, it is both confusing and unfair to submit them as separate and distinct and that we should follow the New Jersey court and abolish the defense of assumption of risk by holding that "the terminology of assumption of risk should not be used."[1] While we acknowledge the persuasiveness of plaintiffs' argument, we decline to accept it at this time, as we find no significant prejudice to plaintiffs' rights in the trial of this case and we anticipate that the question will be more meaningfully presented under the recently enacted statute abolishing contributory negligence as a complete defense.[2]

---

[1] Meistrich v. Casino Arena Attractions, Inc. 31 N. J. 44, 55, 155 A. (2d) 90, 96, 82 A. L. R. (2d) 1208.

[2] Minn. St. 604.01 (L. 1969, c. 624). Cf. Meyer v. Val-Lo-Will Farms, Inc. 14 Wis. (2d) 616, 111 N. W. (2d) 500; Braun v. Jewett,. 1 Wis. (2d) 531, 85 N. W. (2d) 364; Schiro v. Oriental Realty Co. 272 Wis. 537, 76 N. W. (2d) 355, 73 A. L. R. (2d) 1368.

Finally plaintiffs persist in arguing that even if assumption of risk was justifiably submissible as a separate and distinct defense, an essential element is the reasonableness or unreasonableness of Mrs. Parness' decision to proceed; that the instruction given not only failed to include this element but all requested clarifying instructions were rejected; and that the element of reasonableness was eliminated with prejudicial effect by the court's instruction that "assumption of risk does not involve a failure to use reasonable care." We cannot agree. As the summary of supporting case law for Instruction 136 points out, a party may assume the risk even though he is not negligent in deciding to undertake the risk and even though he exercises reasonable care in the manner in which he proceeds. Minnesota Jury Instruction Guides, p. 86. This is a matter of substantive tort law. Given a free choice, one's judgment to encounter the risk is, like his knowledge and appreciation of the risk, to be determined by a subjective standard. It must be emphasized, however, that before a risk can be assumed there must in fact exist an alternative safe route or course of conduct. This issue may be, and often is, the critical disputed fact issue in the application of this defense. See, Peterson v. W. T. Rawleigh Co. 274 Minn. 495, 144 N. W. (2d) 555.

While we have acknowledged the difficulty of distinguishing the difference between assumption of risk and contributory negligence with any precision, Knutson v. Arrigoni Brothers Co. 275 Minn. 408, 147 N. W. (2d) 561, we reaffirm our declaration that the rules as a matter of substantive tort law could probably not be better stated then they are in Minnesota Jury Instruction Guides. Stephenson v. F. W. Woolworth Co. 277 Minn. 190, 152 N. W. (2d) 138. They are, however, only guides and where these defenses overlap, a trial court is well advised to give a more extended explanation for the purpose of making it as clear as possible that as a practical matter it is relatively unimportant what the defense is called. The evidence in this case clearly justified the verdict and we are not persuaded that in determining

the issue of whether Mrs. Parness' conduct barred recovery the jury was misled by the court's instructions into failing to assess the reasonableness of her decision to proceed.

Affirmed.